# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CRIMINAL ACTION NO. 5:13-CR-22

UNITED STATES OF AMERICA                                                          Plaintiff,

v.                                    MEMORANDUM OPINION AND ORDER

BARRY KENTON BEARD
BRITTANY N. BEARD                                                                Defendants.

Defendants Barry Kenton Beard and Brittany N. Beard seek to suppress evidence obtained as a result of the December 15, 2012 search of their residence. (Docket No. 24; Docket No. 27.) Magistrate Judge King conducted a suppression hearing and issued findings of fact and conclusions of law recommending that the Defendants' Motions to Suppress be denied in their entirety. (Docket No. 39.) Defendants have filed objections to that recommendation. (Docket No. 42; Docket No. 43.)

Having considered both the parties' arguments and being otherwise sufficiently advised, the Court adopts the Magistrate's Report and will deny the Defendants' objections for the reasons set forth below.

## BACKGROUND

The Court need not dwell substantially upon the factual findings of the Magistrate, which are uncontested by the parties. In the early morning hours of December 15, 2012, Kentucky State Police (KSP) Detective Corey Jessup arrived at the home of Vicki Kirk, the Crittenden County Court Trial Commissioner, to obtain a search warrant. Detective Jessup presented three copies of a single search warrant and a supporting affidavit.

Robert Kirk—Ms. Kirk's husband, a retired KSP detective, and a current Pennyrile Drug Task Force Detective—answered the door; Mr. Kirk and Detective Jessup had not previously met. Mr. Kirk delivered the paperwork to Ms. Kirk, who read and signed the search warrants. From the top of the stairs, she placed Detective Jessup under oath, and he swore to the accuracy of his affidavit. Mr. Kirk then returned the signed search materials to Detective Jessup, who then executed the search warrant at the Beard residence. Upon execution, Detective Jessup retained one of the three signed search warrants for his case file, left one at the Beard residence, and returned the remaining warrant to the Crittenden County Clerk's office.

Following a suppression hearing on October 29, 2013, Magistrate Judge King recommended that the Defendants' motion to suppress be denied. (Docket No. 39.) The official transcript of the hearing is at Docket No. 33.

## DISCUSSION

Defendants' Motion to Suppress, filed prior to the suppression hearing, argued the search warrant at issue was invalid for several reasons. First, they asserted that Vicki L. Kirk was not a neutral and detached magistrate when she issued the search warrant, rendering it invalid pursuant to both the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution. However, in their Reply brief, Defendants abandoned this argument, conceding that Ms. Kirk was likely a "neutral and detached" magistrate. Accordingly, the Court adopts Magistrate King's analysis of this issue and agrees that Ms. Kirk need not be disqualified due to any actual impropriety or the appearance thereof.

Defendants object to Magistrate King's finding that Ms. Kirk had the authority to administer an oath or affirmation in her capacity as the Crittenden County Trial Commissioner.

(Docket No. 42 at 1.) They argue that Ms. Kirk's position as the Crittenden County Trial Commissioner and her authority to issue search warrants does not authorize her to to administer an oath or affirmation, as Kentucky district court trial commissioners lack the authority to swear affiants to state search warrants. Therefore, they reason, the search warrant was not supported by a properly sworn oath or affirmation. (Docket No. 24-1 at 6.)

The Court disagrees. Kentucky Supreme Court Rule (SCR) 5.030(a)(i) authorizes trial commissioners "[t]o issue search warrants and warrants of arrest." Trial commissioners are, then, implicitly authorized to perform all functions necessary to issue a search warrant, including administering the requisite oath or affirmation. Moreover, the Kentucky Rules of Criminal Procedure (RCr) allow for a complaint to be made under oath by the complaining party before a judge. RCr 2.02. The Rules further define a "judge" to include "a trial commissioner of the district court acting under the authority of SCR 5.030." RCr 1.06(a). Therefore, Ms. Kirk, acting in her capacity as the Crittenden County Trial Commissioner, was a judge and therefore was authorized to administer the oath to Detective Jessup.

Although Defendants reject Magistrate King's reliance upon *Burden v. Commonwealth*, 2004 WL 2634480 (Ky. Ct. App. 2004), *Burden* proves apposite to the instant case. *Burden*'s apparent starting point is the principle that trial commissioners are "legally empowered to administer oaths" as contemplated by RCr. 2.02(a). *See id.* at \*3 (finding that the "affidavit indicated that it was signed before the trial commissioner at 11:45 A.M. on July 23, 2002."). It subsequently found that "[t]he trial commissioner therefore did not exceed her authority and the search warrant was not invalid." *Id.* at \*3. Accordingly, *Burden* assumes that trial commissioners may administer the oath in support of a search warrant.

Additionally, Defendants argue that because the search warrant incorrectly bore the caption of "McCracken County District Court," Crittenden County's district court trial commissioner lacked the authority to issue the warrant. (Docket No. 24-1 at 15.) These technical errors notwithstanding, however, the search warrant was issued by a Crittenden County District Court Trial Commissioner and authorized the search of a location within Crittenden County. The search warrant itself stated the correct address within Crittenden County, and both the warrant and the affidavit contained more specific description of the address to be searched. Given that search warrants are to be read in a commonsense manner rather than a hyper-technical one, *United States v. Ventresca*, 380 U.S. 102 (1965), this mistake does not comprise a constitutional violation.

Additionally, Defendants argue that the *United States v. Leon* "good faith" exception does not apply to the circumstances at bar. Defendants contend that the evidence conflicts as to whether Trooper Jessup presented a single copy of the warrant or three copies for Ms. Kirk to sign. (Docket No. 42 at 3.) They characterize Trooper Jessup's actions as "grossly negligent" if three copies of the warrant lacked the correct name of the issuing court. Moreover, they argue that Trooper Jessup had no reasonable belief that Ms. Kirk had the authority to issue an oath in her capacity as a notary public because he had never met Ms. Kirk before the night in question. (Docket No. 42 at 4.)

However, the Court finds that Detective Jessup believed in good faith that Ms. Kirk's conduct was authorized, given that she signed the warrants, administered what was apparently a valid oath or affirmation, and relinquished the warrants to him to be executed. Moreover, the Court agrees that there is no suggestion that Detective Jessup's conduct was "deliberate, reckless, or grossly negligent conduct" or reflective of "recurring or systemic negligence" such

that suppressing the evidence would have a beneficial deterrent effect on future police conduct. (Docket No. 39 at 13, quoting *Herring v. United States*, 555 U.S. 135, 144 (2006)).

## ORDER

Defendants have filed objections to Magistrate King's Proposed Findings of Fact and Conclusions of Law resolving their Motion to Suppress. Being otherwise sufficiently advised, IT IS HEREBY ORDERED that Defendants' Motions to Suppress (Dockets No. 24 & 27) are DENIED.